# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LESTER F. KRUPP, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1918 JCH |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lester Krupp, Jr., (registration no. 91020), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $46.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $233.33, and an average monthly balance of $172.55. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $46.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

An action is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis, the City of St. Louis Justice Center, Eugene Stubblefield (Superintendent, SLCJC), Unknown Jones (Nurse, SLCJC), Jerome Fields (Grievance Officer, SLCJC), and Brandy Young (unknown). The complaint seeks monetary relief.

Plaintiff alleges that it is the policy of St. Louis City and SLCJC to draw inmates' blood for testing before they are allowed into the general population. Plaintiff

claims that defendant Jones was responsible for enforcing this policy. Plaintiff says that he filed grievances and that they were not resolved in his favor by defendants Fields or Stubblefield. Finally, plaintiff alleges that defendant Young entered his pending criminal charges into a computer, which other inmates were able to view.

## Discussion

The complaint is frivolous as to SLCJC because jails are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

The complaint is frivolous as to defendants Fields and Stubblefield because a prisoner does not have a right to have his grievances redressed in his favor. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); see also, Burnside v. Moser, 138 Fed.Appx. 414 (3rd Cir. 2005).

The complaint is frivolous as to defendant Young because plaintiff's pending criminal charges are a matter of the public record and, therefore, plaintiff does not have a protected privacy interest regarding the viewing of his criminal charges.

The complaint fails to state a claim against the City of St. Louis or defendant Jones because the policy of testing inmates' blood before allowing them to enter the

general population is rationally related to a legitimate penological interest, i.e., maintaining the health and safety of the inmate population.

Finally, the Court notes that the complaint is part of a longstanding pattern of abusive and repetitious lawsuits and is, therefore, malicious.[1] In re Tyler, 839 F.2d at 1293.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $46.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

---

[1]The Court has discussed plaintiff's prior litigious conduct in previous cases. See, e.g., Krupp v. St. Louis City Justice Center, 4:07CV883 JCH (E.D. Mo. 2008).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th Day of January, 2008.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE